CHALL v. DETROIT STOVE CO.

MASTER AND SERVANT—INJURIES TO SERVANT—PLEADING—VARIANCE.

Where a declaration for injuries to a servant alleged negligence in the employment of plaintiff, a boy of immature years and no experience, to work on a dangerous machine, requiring skill and extraordinary care to operate, without warning him of its dangerous character or properly instructing him how to operate it, and contained no allegation that the machine was out of repair, there could be no recovery on evidence that the dangerous character of the machine was the result of a want of repair.

Error to Wayne; Rohnert, J. Submitted February 9, 1905. (Docket No. 128.) Decided May 12, 1905.

Case by W. Carl Chall, by next friend, against the Detroit Stove Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed.

*George Gartner* and *Charles Kudner*, for appellant.

*D. Augustus Straker*, for appellee.

McAlvay, J.   This is an action for damages for personal injuries received by plaintiff while working for defendant.   From a judgment for plaintiff, recovered in the Wayne circuit court, defendant brings the case to this court by writ of error.

Plaintiff is a minor, and by his next friend brought this action on the case against the defendant for negligence, charging in his declaration that the negligence and failure of duty by defendant towards plaintiff was as follows:

" (*a*) That defendant did not employ a person of mature years and capable of operating said large machine with skill, who would realize its dangerous character if not manipulated with care and caution in the hands or when operated by the operator, but, on the contrary, negligently, carelessly, and wantonly directed said plaintiff to operate said machine so dangerous in character, which required skill and extraordinary care and caution, and which said plaintiff was not able, and could not, by reason of his tender age, to wit, of the age of 14 years, use the care and caution, nor was he able to realize the particular care and caution necessary to be employed in operating said machine.

" (*b*) The said defendant failed in its duty, at the time and upon the date aforesaid, which it owed said plaintiff, in that it did not warn the plaintiff of the dangerous character of said large machine upon which plaintiff was directed to work, and did not instruct the said plaintiff, who had no previous experience upon said machine or machines of like character, and was not of sufficient age to realize its dangerous character."

There was no allegation in the declaration that defendant was negligent in putting plaintiff at work upon a machine not in good and safe condition, or in not keeping the said machine in proper repair.

Plaintiff at the time of the injury was 15 years and 6 months old.   He was active and intelligent for his years.

He first went to work in shops at the age of 14, and began work for defendant about 3 months before he was injured. His first work for defendant was taking iron from the shears for about two weeks. He next worked at a wire-cutting machine for the same length of time. For the balance of the time, up to about 15 minutes to 12 o'clock on the day of the injury, he worked on a machine for punching holes in sheet iron. On this day, after finishing the work for him to do at that machine, he went to the foreman and asked him what to do next, and the foreman set him to work on the machine at which he was injured. He was instructed for a few minutes by the foreman, and ran the machine until noon, then came back after dinner and worked there until half past two o'clock, when his hand was injured. This was a crimping machine, and worked with a treadle. Plaintiff and the foreman practically agree as to what instructions were given how to operate the machine. He had never worked the machine before, and never knew how to work it, except what was told him at the time. He was told to press his foot upon the treadle in order to make the die of the machine come down. He was given a screw-driver to lift and move the sheet of iron being worked upon, and to use in removing the same, and was told never to get his fingers under the die; that it was dangerous. He was also told not to put his foot on the treadle when his hand was under the die. Plaintiff could not tell how the accident happened, and did not remember just what he was doing. He said that just before he was hurt his hand was on the screw-driver near the point at the bottom part of the machine, but did not remember how far in or out. He did not remember what he was doing with his feet. Plaintiff did not know that the knife ever went down without putting the foot on the treadle. After the accident the screw-driver was found in the press, smashed; the die was broken, and the piece which makes the crimp bent and cut out the size of the screw-driver.

The important errors assigned in the case, necessary to be considered in its determination, are:

1. The refusal of the court, when the case was closed, to instruct the jury that under the pleadings and evidence in the case the plaintiff could not recover, and that they must return a verdict for defendant.

2. Those portions of the charge of the court relative to what was called by the court "the self-tripping machine," at which the plaintiff was injured.

The negligence of defendant, as set forth in the declaration, upon which recovery was predicated, consisted, as hereinbefore stated:

1. That the plaintiff, of immature years and no experience, was employed to work on a dangerous machine requiring skill and extraordinary care to operate.

2. That defendant failed in its duty to warn plaintiff of the dangerous character of said machine, and to properly instruct him how to operate it.

The testimony disclosed that another question entered into the case, which related to the "self tripping" or action of this machine when put into operation in crimping the iron plate in successively striking the plate. When the foot pressed on the treadle to cause the die to come down once, it sometimes, upon the single pressure, would immediately and rapidly descend two or three times. The proof was clear and without dispute that this machine did sometimes so operate; that this was known to the foreman of the shop, and only occurred when the machine was out of repair.

Defendant claimed that, under the pleadings and the evidence in the case, plaintiff could not recover, and requested the court to direct a verdict for defendant. The trial judge denied this motion, and, in charging the jury, held that there was no question of repair in the case; that no negligence was assigned upon any want of repair in the machine; that the first question for the jury to find was whether or not this was a self-tripping machine, and, if they so found, then to find whether the dangers incident to its self tripping were so apparent that they would be

understood and appreciated by a boy of his age, or whether sufficient instruction and warning had been given to make him understand and observe and fully appreciate such dangers. Upon the refusal to instruct a verdict for defendant, error is assigned, and specifically upon each paragraph of such charge. The court erred in not granting said motion, and in giving the above charges to the jury. The case was brought upon the theory that, because of the tender years of plaintiff and lack of instruction how to operate this machine, defendant was negligent in putting him at this work. Without dispute, the so-called "self tripping" of the machine, whenever it occurred, was due to the fact that it was out of order and not in safe condition to operate. Under the pleadings and evidence in the case plaintiff was not entitled to recover.

It is not necessary to consider the other errors assigned.

The judgment of the circuit court is reversed, and a new trial granted.

MOORE, C. J., and CARPENTER, GRANT, and HOOKER, JJ., concurred.